**NOT FOR PUBLICATION**

```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

|  |  |  |
|---|---|---|
| ANDREW S. MACKEY, | : | |
| | : | Civil Action No. 14-571(NLH) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| J. T. SHARTLE, Warden | : | |
| | : | |
| Respondent. | : | |

APPEARANCE:

Andrew S. Mackey, #72284-053
FCI-Fairton
P.O. Box 420
Fairton, NJ 08320
    Petitioner Pro Se

**HILLMAN**, District Judge:

    This matter is presently before the Court on a Petition for a Writ of Habeas Corpus ("Petition") filed by Petitioner Andrew S. Mackey ("Petitioner") pursuant to 28 U.S.C. § 2241, challenging the revocation of bail and his 324-month sentence imposed by the U.S. District Court for the Northern District of Georgia. For the reasons stated below, the Court dismisses the Petition for lack of jurisdiction.[1]

---

[1]    Petitioner also filed various motions to expedite his Petition. (See Dkt. 3, 4, 6.) Because the Court is dismissing

I.   BACKGROUND

As the Court is dismissing the Petition for lack of jurisdiction, the Court will only recite the minimal facts relevant to its dismissal. Petitioner was convicted and sentenced, on November 16, 2012, to a 324-month term of imprisonment by the U.S. District Court for the Northern District of Georgia, for various offenses of financial fraud.[2] (Criminal Docket, Dkt. 239.) According to Petitioner, on the same day that the jury returned a guilty verdict against him, the Georgia court revoked his bail. (Dkt. 1, pp. 16-17.) Petitioner appealed his conviction, and the Eleventh Circuit affirmed the conviction on January 2, 2015. (Criminal Docket, Dkt. 269.)

Petitioner filed the instant Petition on January 28, 2014, while his direct appeal was pending. In the Petition, Petitioner challenges the revocation of bail, as well as his conviction.

II.   DISCUSSION

---

the Petition, the Petitioner's motions will be dismissed as moot.

[2]   The criminal case is U.S. v. Mackey et al., No. 10-cr-310 (N.D. Ga.) ("Criminal Docket").

2

As an initial matter, the Court notes that because Petitioner has already been sentenced and his conviction affirmed by the Eleventh Circuit, his challenge to the revocation of bail is, at this point, moot.  Therefore, the only relevant part of his Petition is the challenge to his conviction.

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. See Davis v. U.S., 417 U.S. 333 (1974); Okereke v. U.S., 307 F.3d 117, 120 (3d Cir. 2002).  Specifically, 28 U.S.C. § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective."  See 28 U.S.C. § 2255(e); see also Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that

3

some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F. 3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade the statute of limitations under § 2255 or the successive petition bar. Id. at 539.

Here, it is clear from the face of the Petition that Petitioner is challenging his conviction – not the execution of his sentence. Thus, his challenges should be brought via a § 2255 motion. Petitioner has not demonstrated why § 2255 would be inadequate or ineffective. To begin, Petitioner has not filed a § 2255 motion with the appropriate court; therefore he is not prevented from filing such motion by the second/successive bar under § 2255. Furthermore, as noted earlier, the issue regarding the revocation of bail is now moot. See Knox v. Serv. Emps. Int'l Union, Local 1000, 132 S. Ct. 2277, 2287 (2012) ("A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party") (internal quotations and citations omitted); Keitel v. Mazurkiewicz, 729 F.3d 278, 280 (3d Cir. 2013) ("[I]f developments occur during the course of

4

adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot") (citation omitted).  As such, the Court lacks jurisdiction to entertain the Petition.

The Court notes that Petitioner is free to file a § 2255 motion with the U.S. District Court for the Northern District of Georgia to challenge his conviction/sentence if he so desires.  See 28 U.S.C. § 2255(a) ("A prisoner . . . may move the court which *imposed the sentence* to vacate, set aside or correct the sentence"); Dorsainvil, 119 F.3d at 249 ("With the enactment of § 2255, much of the collateral attack by federal prisoners has been routed to the jurisdiction of the trial court").  However, Petitioner should be mindful of the one-year statute of limitations on the filing of a § 2255 motion.  See 28 U.S.C. § 2255(f).

III. <u>CONCLUSION</u>

For the reasons set forth above, the Petition will be dismissed for lack of jurisdiction.

At Camden, New Jersey                <u>s/ Noel L. Hillman</u>
                                                Noel L. Hillman
                                                United States District Judge

Dated: January 14, 2015